**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

UNITED STATES OF AMERICA                                    PLAINTIFF

            v.          Criminal Case No. 08-50060

JOE FRANKLIN                                                DEFENDANT


                    <u>O R D E R</u>

     Now on this 26th day of June, 2012, come on for consideration
the following:

     *     defendant's **Notice Of Appeal And Request To Proceed In**
**Forma Pauperis** ("Notice Of Appeal"), which was docketed not only
as a notice of appeal (document #47) and a motion for leave to
appeal in forma pauperis (document #48), but also as a motion for
certificate of appealability ("COA") (document #49);

     *     the **Magistrate Judge's Report And Recommendation**
("Second R&R") with respect to the foregoing motions (document
#51);

     *     Franklin's **Motion To Correct Improper Document Filing**
(document #52); and

     *     Franklin's **Application For Certificate Of Appealability**
(document #53),

and from said documents, the Court finds and orders as follows:

     1.    Following denial of a motion to suppress evidence,
defendant Joe Franklin ("Franklin") entered a conditional guilty
plea to a charge of possession of cocaine base with intent to

distribute.  He was sentenced on February 20, 2009, to a term of imprisonment of 262 months, as well as a fine and a special assessment.

2.  Franklin appealed the denial of his motion to suppress, and that denial was affirmed. **U.S. v. Franklin**, **362 Fed.Appx. 571 (8th Cir. 2010).**

3.  Franklin then filed a petition under **28 U.S.C. § 2255**, alleging that he had received ineffective assistance of counsel at four stages of his prosecution.  These allegations are:

(a)  that during the pre-plea stage, his attorney failed to investigate his case; withheld discovery supplied by the prosecution; failed to subpoena an important witness to the suppression hearing; failed to introduce tape recording of his arrest in the suppression hearing; failed to move for a hearing under **Franks v. Delaware**, **438 U.S. 154 (1978);** and misled him about the contents of the plea agreement;

(b)  that at the change of plea hearing, his attorney failed to inform the Court of the "binding plea agreement counsel had entered into with the prosecutor on petitioner's behalf";

(c)  that at sentencing, his attorney again failed to inform the Court of the "binding plea agreement with the prosecutor"; would not let Franklin bring it up; and told him he could not withdraw his plea of guilty; and

(d)  that on appeal, his attorney failed to contend for a

lower sentence based on new law with regard to sentencing for crack cocaine offenses, **U.S.S.G. § 2D1.1**; failed to file a reply brief; and failed to appear for oral argument.

4.   The Magistrate Judge filed an extensive Report And Recommendation with regard to Franklin's contentions (the "First R&R"), recommending as follows:

(a)   There was no ineffective assistance of counsel with regard to the suppression issues.  The traffic stop that led to Franklin's arrest was justified by the arresting officer's knowledge that Franklin's driver's license had been suspended when the arresting officer observed him driving.  The search of Franklin's home was justified by his parole officer's awareness of two violations of conditions of parole, giving the parole officer reasonable suspicion upon which to base the home search.

There was no ineffective assistance of counsel with regard to Franklin's contentions that he was misled about the plea agreement.  At his change of plea hearing Franklin agreed to the government's statement of facts supporting his guilty plea, and testified that he understood it would be up to the Court to determine his sentence, in light of the applicable law, and that he understood he could receive up to a life sentence.

There was no ineffective assistance of counsel based on failure to request a **<u>Franks</u>** hearing, because the Court conducted a detailed <u>Franks</u> analysis in ruling on the suppression motions.

(b)   There was no ineffective assistance of counsel at the change of plea hearing, because Franklin testified that he understood it would be up to the Court to determine his sentence, and that he could receive up to a life sentence.

(c)   There was no ineffective assistance of counsel at sentencing for the reasons set forth in paragraphs (a) and (b).

(d)   There was no ineffective assistance of counsel on appeal because Franklin was sentenced as a career offender, and was not entitled to the benefits of a lower sentence based on **U.S.S.G. § 2D1.1.**

There was no ineffective assistance of counsel based on failure to appear for oral argument because oral argument was cancelled, and there was no showing of ineffective assistance for failure to file a reply brief because such was not shown to be necessary.

5.   Franklin filed extensive Objections to the First R&R. The Court overruled these Objections, finding that they merely "restate[d] and rehash[ed] the arguments submitted in the initial pleading."   The First R&R was adopted, and Franklin's **§ 2255** petition was denied.   The Court also declined to issue a COA.

6.   Franklin appealed the Order denying relief under **§ 2255.** In his Notice Of Appeal, he stated that his "application for a certificate of appealability is forthcoming."

7.   The Notice Of Appeal was docketed not only as a notice

of appeal and a motion for leave to appeal in forma pauperis, but also as a motion for COA. These two motions were referred to the Magistrate Judge, who recommended, in the Second R&R, that they be denied.

8. Franklin then filed his Motion To Correct Improper Document Filing, in which he requested that documents #49 and #50 be stricken from the record. He contends that because the Magistrate Judge denied his request for a COA before he filed it, "his due process rights are currently in violation." He attached to this motion a copy of his Application For Certificate Of Appealability. This document was also filed separately.

9. Franklin's arguments in favor of a COA hinge largely on the recent case of **Lafler v. Cooper, 132 S.Ct. 1376 (2012)**. Franklin contends that **Lafler** created "a monumental shift" in what constitutes ineffective assistance of counsel in connection with plea negotiations and guilty pleas.

On the basis of his reading of **Lafler**, Franklin makes three arguments in favor of a COA:

(a) that the Court erred in its assessment of those claims riding on his contention that he was induced to plead guilty only because of a promise of a sentence of 151-188 months;

(b) that because this Court can depart from the Sentencing Guidelines, reasonable jurists "would find debatable or wrong" the Court's decision to deprive him of the benefits of **U.S.S.G. §**

**2D1.1** because of his career offender status; and

(c) that **Lafler** "gives merit" to his claim that his attorney was ineffective for refusing to disclose pre-plea negotiations to this Court, or mention them on appeal.

10. The Court does not agree that **Lafler** informs the decision on Franklin's **§ 2255** petition. In **Lafler**, the question was not whether counsel was ineffective in the context of plea negotiations or the entry of a guilty plea, but rather, what relief is appropriate when ineffective assistance of counsel results in rejection of a plea offer and the defendant is then convicted at trial. **132 S.Ct. at 1384.** The case came to the Supreme Court "with the concession that counsel's advice with respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment." **132 S.Ct. at 1383.**

Franklin, by contrast, must demonstrate that he received ineffective assistance of counsel, and this he has failed to do. Notwithstanding his repeated claims of a secret "pre-plea" deal, or of "trickery" by his attorney with respect to the plea agreement, he has simply failed to overcome his testimony at the change of plea hearing. This Court therein asked Franklin, "Do you understand it'll be up to me to determine a proper sentence in light of the law that applies?" Franklin answered "Yes." The Court then asked, "Do you understand that, Mr. Franklin? That

Paragraph 9 is saying that if you pled guilty, then the Court will sentence you to a sentence of at least 10 years, and it could be more than that. It could be for the rest of your life. Do you understand that?" Franklin answered "Yes." In light of these answers, Franklin's contentions about a secret "pre-plea" deal, or "trickery" by his attorney, ring hollow.

Franklin's contention that a COA should issue based on the Court's exercise of discretion under the Sentencing Guidelines is outside the issues asserted in this proceeding. Moreover, it has no bearing on the effectiveness of his defense counsel. Nothing more need be said about that contention.

11. The Court has fully considered the arguments contained in Franklin's Application For Certificate Of Appealability, and finds that they are without merit. Franklin is not entitled to a COA. Moreover, Franklin's objections to the Second R&R are mooted by this Court's full consideration of the assertions he makes in the Application For Certificate Of Appealability, and those objections will be overruled, and his motion asking that documents #48 and #49 be stricken will be denied.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #51) is **adopted** *in toto*, and defendant's objections thereto are **overruled**.

**IT IS FURTHER ORDERED** that Franklin's **Notice Of Appeal And Request To Proceed In Forma Pauperis** is (document #48) is **denied**.

**IT IS FURTHER ORDERED** that Franklin's **Notice Of Appeal And Request To Proceed In Forma Pauperis,** docketed as a motion for certificate of appealability (document #49), is **denied.**

**IT IS FURTHER ORDERED** that Franklin's **Motion To Correct Improper Document Filing** (document #52) is **denied.**

**IT IS FURTHER ORDERED** that Franklin's **Application For Certificate Of Appealability** (document #53) is **denied.**

**IT IS SO ORDERED.**

        **/s/ Jimm Larry Hendren**
        **JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**